UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
RAPHAEL CARRERA,                        )
                                        )
            Petitioner,                 )
                                        )
        v.                              )    Civil Action No. 11-40028-JLT
                                        )
J. GRONDOLSKY,                          )
                                        )
            Respondent.                 )
_____)

REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
[Docket No. 7]

March 9, 2012

Boal, M.J.

On February 3, 2011, petitioner Raphael Carrera ("Carrera") filed, pro se, his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Docket No. 1). Respondent J. Grondolsky ("Respondent") has moved to dismiss the Petition on the basis that Carrera has failed to set forth any grounds entitling him to relief under Section 2255's saving clause's "actual innocence" exception, which he relies upon as the primary basis for his petition. (Docket No. 7). For the following reasons, this Court recommends that the District Judge ALLOW the Respondent's motion and dismiss Carrera's Petition.

I.      PROCEDURAL AND FACTUAL BACKGROUND

On November 27, 1998, Carrera was convicted of knowingly and intentionally conspiring to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 in the United States District Court for the Eastern District of New York. United States v.

-1-

Carrera, No. 98-cr-878 (E.D.N.Y.) (the "Prosecution Case") at Docket No. 30.[1]  Carrera was sentenced on July 2, 1999.  Id. at Docket No. 50.  The sentencing judge, under a preponderance of the evidence standard, found that the conspiracy involved a sufficient amount of drugs to raise the maximum possible sentence to life imprisonment, with a sentencing guideline minimum of thirty years.  Petition at p. 4.  The judge sentenced Carrera to three hundred and sixty months of imprisonment and supervised release of five years.

Carrera appealed his conviction.  Prosecution Case at Docket No. 52.  On March 16, 2000, the Court of Appeals for the Second Circuit affirmed.  United States v. Milone, No. 99-1408, 2000 U.S. App. LEXIS 4310 (2nd Cir. Mar. 16, 2000).

On June 14, 2001, Carrera, through counsel, filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of New York.  Carrera v. United States, No. 01-cv-4090-JG (E.D.N.Y.) (the "Section 2255 Petition").  The Section 2255 Petition raised an "Apprendi-type argument."[2]  Petition at p. 5; see also Section 2255 Petition at Docket No. 12 ("Because I conclude that Apprendi may not be applied to this 2255 motion, the motion is denied.").  The Eastern District of New York denied Carrera's Section 2255 Petition on March 29, 2002.  Section 2255 Petition at Docket No. 12.  Carrera appealed the court's denial of his Section 2255 Petition.  Id. at Docket No. 13.  The Court of

---

[1] Neither party provided the Court with the records of Carrera's conviction and subsequent appeals.  The Court recites the procedural history from the parties' briefs and supplements it where possible from the public dockets.  The Court may take judicial notice of proceedings in other relevant cases.  See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990).

[2] In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 490.

Appeals for the Second Circuit dismissed Carrera's appeal without prejudice because he did not obtain a certificate of appealability from the district court. Id. at Docket No. 14. On July 12, 2002, the district court denied a certificate of appealability. Id. at Docket No. 15. Carrera moved for certificate of appealability from the Second Circuit, which the Second Circuit denied on January 31, 2003. Id. at Docket No. 18 (Motion denied because appellant has not made a "substantial showing of the denial of a constitutional right.").

On December 2, 2005, Carrera filed, pro se, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of New York. Carrera v. T.R. Craig, No. 05-cv-1510 (N.D.N.Y.) (the "First Section 2241 Petition"). In support of his petition, Carrera argued that (1) the fact that the sentencing court enhanced his sentence based upon facts that were not admitted by the petitioner nor found by a jury beyond a reasonable doubt violates his Sixth Amendment right to a jury trial as well as the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005); (2) supervised release is not an "authorized sentence" and therefore his term of supervised release added to his term of incarceration in violation of the Double Jeopardy Clause of the Constitution; and (3) his sentence violated the International Covenant on Civil and Political Rights. See Carrera v. T.R. Graig, No. 05-1510, 2006 U.S. Dist. LEXIS 18850, at *7-8 (N.D.N.Y. Mar. 3, 2006). The Northern District of New York found that Carrera's First Section 2241 Petition challenged the imposition of his sentence and not its execution and, therefore, his remedy lay with Section 2255 unless he could show his right to proceed under Section 2255's savings clause, thereby permitting him to bring his petition under Section 2241. Id. at *8. The court then went on to find that nothing in Carrera's petition established that his remedies under Section 2255 were inadequate or

ineffective to challenge the validity of his incarceration. Id. The court also noted that Carrera had not asserted that he was "actually innocent" nor did it appear that he could support such a statement with any evidence. Id. at *9. Accordingly, the court dismissed Carrera's First Section 2241 Petition. Id.

On February 3, 2011, Carrera filed the instant Petition. (Docket No. 1). In the Petition, he asserts that he "is actually innocent of the enhanced sentence he is serving" because no jury found him guilty beyond a reasonable doubt of the drug quantities necessary to warrant his sentence. Petition at p. 7. The Respondent moved to dismiss Carrera's Petition on April 29, 2011. (Docket No. 7). Carrera filed a response on May 19, 2011. (Docket No. 9). He also filed a letter regarding an Eleventh Circuit decision in which the dissenting opinion, he argued, supported his Petition on August 23, 2011. (Docket No. 11).

II.  DISCUSSION

The Respondent argues that Carrera's Petition must be dismissed because it fails to show that Carrera is entitled to use Section 2255's "savings clause." Carrera argues that he is actually innocent of the enhanced sentence he is serving because no jury found him guilty beyond a reasonable doubt of the drug quantities necessary to warrant a sentence over the default maximum sentence for trafficking heroin. Petition at p. 7. He also argues that to the extent that the provisions in Sections 2241 and 2255 bar him from raising his due process claims, those provisions are unconstitutional because they in effect suspend the traditional writ of habeas corpus. Petition at pp. 13-22; Brief at pp. 6-7.[3] This Court finds that Carrera's arguments lack

---

[3] "Brief at __" refers to cites to the Petitioner's Response to the Government's Motion to Dismiss (Docket No. 9).

merit and therefore recommends that the District Judge grant the Respondent's motion and dismiss Carrera's Petition.

  A.  Standard Of Review

  1.  The Distinction Between Claims Under Section 2255 And Section 2241

  Title 28, United States Code, Section 2255 provides for post-conviction relief when the petitioner has demonstrated that his sentence "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." Moreno-Morales v. United States, 334 F.3d 140, 148 (1st Cir. 2003) (citing David v. United States, 134 F.3d 470 (1st Cir. 1998)). Section 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence. See Gonzalez v. United States, 150 F.Supp.2d 236, 241 (D. Mass. 2001) (citing Jiminian v. Nash, 245 F.3d 144, 147-48 (2nd Cir. 2001)). Petitions under Section 2255 must be brought in the sentencing jurisdiction. United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999).

  Congress, in enacting the Antiterrorism and Effective Death Penalty Act ("AEDPA") severely limited a petitioner's right of review under Section 2255. See Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). Thus, before filing a second or successive Section 2255 petition in the district court, the movant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); see also id. Such an order "will be made available only if the prisoner can show that the proposed second or successive petition is based either on newly discovered evidence or a new rule of constitutional law." Trenkler, 536 F.3d at 96. The First Circuit has interpreted this provision as "stripping the district court of jurisdiction over a second or successive habeas

petition unless and until the court of appeals has decreed that it may go forward." Id. (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)).

Having already unsuccessfully filed a Section 2255 motion raising an Apprendi issue, Carrera concedes, and this Court agrees, that he may not raise his claim regarding his sentence in another Section 2255 petition. Petition at pp. 7, 10. Section 2255 bars second and successive petitions except in two narrow circumstances, neither of which applies here. See 28 U.S.C. § 2255(h)(1) & (2).[4]

In contrast to Section 2255, a "motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."[5] Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009) (quoting Jiminian, 245 F.3d at 146) (emphasis in original). There is no question that Carrera has not brought such a claim here because he is challenging the validity of his sentence, not the execution of his sentence. However, he contends that he may challenge his sentence through a petition under Section 2241 pursuant to the "savings clause" of Section 2255. Petition at p. 10-11.

---

[4] Section 2255(h) contains two exceptions to its bar against second or successive motions. The first exception applies only when the claim is based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). The second exception applies when the claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

[5] A motion under Section 2241 is properly brought in the district where the prisoner is incarcerated. Barrett, 178 F.3d at 50 n. 10. Carrera is presently incarcerated in the Federal Medical Center Devens in Massachusetts.

The savings clause states, in relevant part:

> An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of detention*.

28 U.S.C. § 2255(e) (emphasis added). A Section 2255 motion is not "inadequate or ineffective" merely because a petitioner cannot meet the second or successive requirements. Barrett, 178 F.3d at 50. Courts only allow recourse to the savings clause "in rare and exceptional circumstances," such as those where the restrictions on Section 2255 motions would result in a "complete miscarriage of justice." Trenkler, 536 F.3d at 99 (quotation omitted). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see also Barrett, 178 F.3d at 52-53. Further, it is well settled that a petitioner like Carrera, who has exhausted his Section 2255 avenues, cannot use the savings clause to circumvent the restrictions of Section 2255 (such as the restriction on filing second and successive motions absent permission of the appellate court, or the time restrictions on filing) by filing a motion under Section 2241 instead. See Barrett, 178 F.3d at 50-52; Gonzalez, 150 F. Supp. 2d at 241.

2. The Savings Clause's "Actual Innocence" Exception

As stated above, the savings clause of Section 2255 applies where a petitioner has shown "actual innocence." Goldman v. Winn, 565 F. Supp. 2d 200, 212-13 (D. Mass. 2008) (citing Barrett, 178 F.3d at 51; United States v. Sustache-Rivera, 221 F.3d 8, 19 (1st Cir. 2000)). "The standard for demonstrating actual innocence has been developed in the procedural default context, where courts recognize that a meritorious showing of actual innocence permits collateral review of claims otherwise defaulted by a petitioner's failure to raise them earlier." Id. at 203.

The Supreme Court has emphasized that the actual innocence exception is very narrow,

-7-

reserved for truly exceptional cases. See Walker v. Russo, 506 F.3d 19, 21 (1st Cir. 2007) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)); see also Goldman, 565 F. Supp. 2d at 203 (noting that the actual innocence is "a very high standard" that is "rarely met."). To show actual innocence, "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Gunter v. Maloney, 291 F.3d 74, 83 (1st Cir. 2002) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citation omitted); see also Barrett, 178 F.3d at 57 ("A claim of actual innocence-defined as factual innocence, not mere legal insufficiency-will have a mechanism for review.").

B.   Carrera Has Not Shown That He Is Entitled To Relief Under The Savings Clause

Here, Carrera's attempt to obtain Section 2241 relief that he could not otherwise obtain under Section 2255 is to no avail. Carrera asserts no new facts or evidence to establish that he is "actually innocent" of the crime of which he was convicted. His claim is really one regarding the sufficiency of the legal evidence.

In Apprendi, the Supreme Court held that any fact that increases a penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. Carrera does not argue that he is innocent of the crime of drug trafficking.[6] Instead, based on Apprendi and other cases, he argues that he is innocent

---

[6] Without any support, Carrera also states at one point in his Petition that he "is actually innocent of the facts necessary to warrant the more onerous sentence[]" he received. Petition at p. 12. Again, Carrera is not arguing that he is innocent of cocaine trafficking but that he is innocent of having trafficked in amounts sufficient to warrant an enhanced sentence. This Court notes that there is a dispute regarding whether such a claim, if true, would make him actually innocent under the savings clause. See Goldman, 565 F. Supp. 2d at 225 (noting a split regarding whether the actual innocence exception applies to sentencing factors). In any event,

because a jury did not find beyond a reasonable doubt that he trafficked a sufficient amount of cocaine to make him eligible for an enhanced sentence. Petition at p. 7. His claim is properly brought under a Section 2255 petition, and does not constitute exceptional circumstances necessary to invoke the savings clause and permit a Section 2241 petition. Indeed, it appears that Carrera already raised an Apprendi argument in his Section 2255 Petition and that such an argument was rejected. See Petition at p. 5; Section 2255 Petition at Docket No. 12. He cannot now attempt to circumvent the requirements of Section 2255 by repackaging his claim as a Section 2241 petition.

Because Carrera cannot avail himself of the savings clause, the Court lacks jurisdiction to entertain the Petition. Accordingly, this Court recommends that the District Judge dismiss the Petition.

C. Carrera's Suspension Clause Argument Lacks Merit

Carrera argues that if Sections 2255 and 2241 bar him from raising his due process claims, then Sections 2255 and 2241 are unconstitutional because they in effect suspend the traditional writ of habeas corpus in violation of the Constitution's Suspension Clause. Petition at pp. 13-22; Brief at pp. 6-7. This Court disagrees.

The Suspension Clause of the United States Constitution states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art. 1 § 9, cl. 2. In Felker v. Turpin, 518 U.S.

---

any such claim is unsupported by any new evidence regarding the drug amounts he claims were attributable to him. See House v. Bell, 547 U.S. 518, 537 (2006) ("[T]o be credible [an innocence] claim requires new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.") (citations omitted).

651 (1996), the Supreme Court held that the added restrictions that AEDPA places on second or successive petitions in 28 U.S.C. § 2254 do not amount to a suspension of the writ of habeas corpus contrary to the Suspension Clause. Id. at 664. In reaching its decision, the Supreme Court explained how "[t]he writ of habeas corpus known to the Framers was quite different from that which exists today," and traced its evolution over two centuries. Id. at 663-64. The Court acknowledged that AEDPA "works substantial changes" to the authority of federal courts to grant the writ, and "further restricts the availability of relief to habeas petitioners," but explained that "judgments about the proper scope of the writ are normally for Congress to make." Id. at 654, 664 (citations omitted). The Court further noted that "[t]he new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" Id. at 664. Describing the law restricting second and successive filings as "a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions," the Court concluded that "[t]he added restrictions which the Act places on second habeas petitions are well within the compass of this evolutionary process" and, therefore, they do not amount to a suspension of the writ of habeas corpus. Id.

Subsequent to Felker, the First Circuit held that AEDPA's one-year limitations period does not offend the Suspension Clause. Delaney v. Matesanz, 264 F.3d 7, 12 (1st Cir. 2001). In so doing, the First Circuit noted that "reasonable limits on the use and application of the habeas remedy do not work an unconstitutional suspension of the writ." Id.

More recently, the Eleventh Circuit found that the restrictions placed by Section 2255 on second or successive motions do not violate the Suspension Clause. Gilbert v. United States,

640 F.3d 1293, 1317 (11th Cir. 2011). The Eleventh Circuit relied on Felker. Id. at 1317. It recognized that although Felker involved Section 2254, "the Suspension Clause issue is essentially the same in § 2255 cases." Id. "The changes made by the AEDPA restrictions on second or successive filings are materially identical in both types of cases, the evolution of the remedy and restrictions on it are materially identical, and the relationship of the AEDPA changes to that evolution are materially identical." Id.

Accordingly, this Court finds that the restrictions in Sections 2255 and 2241 barring Carrera from bringing his claims do not violate the Suspension Clause and this Court recommends that the District Judge dismiss Carrera's Petition.

III. RECOMMENDATION

The Court notes that Carrera has had several opportunities for judicial review. It appears that he has already raised his Apprendi claims. If he failed to raise a particular claim of error at the appropriate time, enforcement of the usual rules regarding waiver, preclusion, and successive petitions cannot be deemed a violation of his constitutional rights. "Under AEDPA, there is typically 'only one bite at the post-conviction apple.'" Trenkler, 536 F.3d at 100 (quoting Barrett, 178 F.3d at 57). Carrera has had that bite. Accordingly, I recommend that the Court ALLOW the Respondent's motion to dismiss Carrera's Petition (Docket No. 7) and dismiss Carrera's Petition (Docket No. 1).

IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report

and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge